UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY LI,

             Petitioner,

   v.

JEFFREY BEARD,

             Respondent.

Case No.  13-cv-01224-JD

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

## I.   INTRODUCTION

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The sole claim in the petition alleges that the trial court violated petitioner's right to due process when it failed to give a specific unanimity jury instruction.  The Court ordered respondent to show cause why the writ should not be granted.  Respondent filed an answer and a memorandum of points and authorities in support of it, and lodged exhibits with the court.  For the reasons set forth below, the petition is denied.

## II.   BACKGROUND

Petitioner was charged with nine felony counts: one violation and two attempted violations of Cal. Penal Code § 288.7(a) (sexual intercourse or sodomy with a child ten years of age or younger) (counts 1, 4 and 7); one violation and two attempted violations of Cal. Penal Code § 269(a)(1) (rape of a child fourteen years of age or younger, accomplished by force and threat within the meaning of Cal. Penal Code § 261(a)(2), (6)) (counts 2, 5 and 8); and three violations of Cal. Penal Code § 288(a) (lewd and lascivious act upon a child) (counts 3, 6 and 9).

On July 7, 2011, a jury found petitioner guilty of count three, committing a lewd or lascivious act upon a child under fourteen years of age, Cal. Penal Code § 288(a).  Petitioner was

sentenced to six years in state prison.  The California Court of Appeal affirmed the judgment, and the California Supreme Court denied review.

At trial, the victim, K.X., testified that on three separate occasions, petitioner picked her up from school, brought her to his home, and committed several sexual offenses against her before taking her to an afterschool tutoring program.  Among other things, the victim testified that petitioner had attempted vaginal penetration each time but that she could only recall he had succeeded during the first incident, Reporter's Transcript ("RT") at 58, 67, 74; and that he had unsuccessfully attempted to make her touch his penis during the first two incidents but had not attempted to make her touch his penis at all during the third incident.  RT at 59, 65, 73.  However, the jury also received testimony from the victim in the form of a video and transcript of a Multidisciplinary Interview ("MDI") taken three years before trial in which the victim stated that during the third incident petitioner successfully penetrated her vagina and made her touch his penis.  The victim's MDI testimony also related a number of details not found in the victim's trial testimony.

Prior to closing arguments, the judge read the jury unanimity instructions based on a modified version of California Criminal Jury Instruction ("CALCRIM") No. 3500.[1]  RT at 285-86. The jury was also given a written copy of the instructions when they retired to deliberate.  As written, the instructions read:

> The defendant is charged with sexual intercourse with a minor in Count 1, aggravated sexual assault in Count 2, lewd act on a child in Counts 3, 6, 9, attempted sexual intercourse with a minor in Counts 4, 7, attempted aggravated sexual assault in Counts 5, 8 sometime during the period of August 1, 2007 to June 30, 2008.
>
> The People have presented evidence of more than one act to prove that the defendant committed these offenses. You must not find the defendant guilty unless:
>
> You all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act he committed for each offense.

During closing argument the prosecutor described both the incident and act to which each count referred.  The first three counts, the prosecutor said, all referred "to the occasion that [the

---

[1] While the instruction was submitted as a modified version of CALCRIM No. 3501, the language was essentially that of CALCRIM 3500.

United States District Court
Northern District of California

victim] described to [the jury] where [petitioner] actually penetrated her vagina." RT at 291. As to count three in particular, the prosecutor said that either one of two acts could satisfy the elements: petitioner's penetration of the victim or his grabbing of her wrist when he made her touch his penis. RT at 294-95. She then added, "[Y]ou all have to agree on which act you believe qualifies as a lewd and lascivious act." RT at 295. The prosecutor said that the next three charges (counts four through six) referred to "the occasion where [the victim] said [petitioner] brought her home to look at her injury." RT at 295. Finally, the prosecutor said that the last group of charges (counts seven through nine) "all [went] to the final time that [petitioner] brought [the victim] home when he wasn't able to penetrate her." RT at 297.

Not long after the jury began deliberating, petitioner's trial counsel reiterated a previous request for "pinpoint" unanimity instructions. RT at 350-52. Petitioner's trial counsel variously described the requested unanimity instructions as ones that would instruct the jury that "not only [did] they need to be unanimous as to a particular act, but they had to be unanimous as to the event that surrounded the act," RT at 350-51; that would direct the jury to "address each of the charges relative to the incident they were attached to," RT at 351; and that would instruct the jury that "before they could find someone guilty of any one of the charges, they would have to . . . agree on the scenario," RT at 352.

The judge denied the request, arguing that controlling state law only required the unanimity instruction already given. RT 353-54. However, a few minutes later, the judge received several notes from the jury, one of which asked the following two questions: (1) "Do the first three charges apply to the first time [the victim] said she visited the defendant's house, or do they apply to any visit in which rape may have occurred?"; and (2) "[d]o all jurors have to agree which house visit coordinates with which charges?" RT at 357. The judge recognized that these questions corresponded to the arguments raised by petitioner's trial counsel about the unanimity instructions, and he asked both sides for input as to how he should respond. RT at 356-58. After receiving their proposed answers, the judge responded to the note by referring the jury to the modified CALCRIM No. 3501 instructions that they had already been provided. Two days later, the jury returned a verdict against petitioner on count three but failed to reach a verdict on any of the other counts. The judge consequently declared a mistrial as to the remaining counts.

Later, on direct appeal, petitioner identified his desired unanimity instructions as

CALCRIM No. 3502.[2]  Applying these instructions to count three, petitioner argued that the

following jury instructions would have been appropriate:

> You must not find the defendant guilty of [lewd and lascivious conduct as charged in count three] unless you all agree that the People have proved specifically that the defendant committed that offense [on the first time K.X. visited the defendant's apartment according to her testimony at trial.]  Evidence that the defendant may have committed the alleged offense on another day is not sufficient for you to find him guilty of the offense charged.

Petition, Ex. A at 11.

## III.    STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The

petition may not be granted with respect to any claim that was adjudicated on the merits in state

court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary

to, or involved an unreasonable application of, clearly established Federal law, as determined by

the Supreme Court of the United States; or (2) resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court

arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if

the state court decides a case differently than [the] Court has on a set of materially

indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).  "Under the

'unreasonable application' clause, a federal habeas court may grant the writ if the state court

identifies the correct governing legal principle from [the] Court's decision but unreasonably

applies that principle to the facts of the prisoner's case." *Id.* at 413.  "[A] federal habeas court

---

[2] CALCRIM No. 3502 reads: "You must not find the defendant guilty of _____<insert name of alleged offense> [in Count _____] unless you all agree that the People have proved specifically that the defendant committed that offense [on] _____<insert date or other description of event relied on>. [Evidence that the defendant may have committed the alleged offense (on another day/ [or] in another manner) is not sufficient for you to find (him/her) guilty of the offense charged.]."

United States District Court
Northern District of California

may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

Here, the California Supreme Court summarily denied petitioner's habeas petition.  The California Court of Appeal, in its opinion on direct review, addressed the claim petitioner raises in the instant petition.  The California Court of Appeal thus was the highest court to have reviewed the claims in a reasoned decision, and it is the Court of Appeal's decision that this Court reviews herein.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991).

## IV.   UNANIMITY INSTRUCTION

Petitioner claims that his Fourteenth Amendment right to due process was violated when the trial court refused to give the jury a "pinpoint" unanimity instruction.

### A.   Legal Standard

A challenge to a jury instruction solely as an error under state law is not cognizable in federal habeas corpus proceedings. *Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991).  Federal habeas relief is available for instructional error only if the error "so infected the entire trial that the resulting conviction violate[d] due process." *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). Petitioner must show that there is a "reasonable likelihood" that the jury misapplied the instruction. *Estelle*, 502 U.S. at 72.  "It is well established that the instruction 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." *Id* (citation omitted).  A determination that there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution establishes only that an error has occurred. *Calderon v. Coleman*, 525 U.S. 141, 146 (1998).  If an error is found, the court also must determine that the error had a substantial and injurious influence in determining the jury's verdict, *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), before granting relief in habeas proceedings. *Calderon*, 525 U.S. at 146–47.

Criminal defendants in state court have no federal constitutional right to a unanimous jury

United States District Court
Northern District of California

verdict. *Apodaca v. Oregon*, 406 U.S. 404, 410-12 (1972) (rejecting Sixth Amendment right to challenge 10-2 state jury verdict); *Johnson v. Louisiana*, 406 U.S. 356, 359–63 (1972) (rejecting due process challenge to 9–3 state jury verdict). Similarly, "there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict." *Schad v. Arizona*, 501 U.S. 624, 631-32 (1991) (quoting *McKoy v. North Carolina*, 494 U.S. 433, 449 (1990) (Blackmun, J., concurring)).

**B.    Analysis**

The California Court of Appeal set forth the relevant law and background and denied this claim:

> In a criminal case, a jury verdict must be unanimous, and the verdict must also be unanimous concerning the defendant's guilt as to each of the specific charges alleged. When the evidence suggests the defendant committed two or more acts, each of which might satisfy one alleged charge, the prosecution must elect among these multiple acts which it relies on to satisfy the alleged charge, or the trial court must require that the jury agree unanimously on which act the defendant committed that satisfies that alleged charge. (*People v. Russo* (2001) 25 Cal.4th 1124, 1132.) The requirement of juror unanimity as to the criminal act is designed to protect the defendant from the danger that he or she will be convicted even though there is no single act that satisfies the alleged charge, as to which all the jurors agree the defendant committed. Thus, when the defendant is charged with a single offense, but the evidence shows two or more acts that might constitute that offense, the absence of a unanimity instruction is reversible error because without it some of the jurors may have believed the defendant guilty of one of the multiple acts, while other jurors believed him guilty of another, resulting in a non-unanimous verdict that he was guilty of any specific act constituting the alleged offense. Similarly, an unanimity instruction is designed to prevent the jury from amalgamating evidence of multiple offenses, no one of which has been proved beyond a reasonable doubt, in order to conclude beyond a reasonable doubt that a defendant must have done something sufficient to convict on one of several alleged offenses. (Ibid.)
>
> . . .
>
> We first observe that Li's concern is, essentially, that the jury lacked sufficient guidance to agree unanimously on the particular act -one out of the three separate instances disclosed by the evidence-that Li committed so as to find him guilty of the violation of section 288, subdivision (a), that was alleged in count 3. But "[i]n a case in which the evidence indicates the jurors might disagree as to the particular act[the] defendant committed, the standard unanimity instruction should be given." FN5 (*Jones*, *supra*, 51 Cal.3d at p. 321, italics added.) Here, in giving what was essentially the language of

*United States District Court*
*Northern District of California*

CALCRIM No. 3500 (see fn. 2, ante), the trial court did give the "standard unanimity instruction." (See Judicial Council of California Criminal Jury Instructions (2012) vol. 2, CALCRIM No. 3500, Related Issues.)

> FN5. On the other hand, "when there is no reasonable likelihood of juror disagreement as to particular acts, and the only question is whether or not the defendant in fact committed all of them, the jury should be given a modified unanimity instruction which, in addition to allowing a conviction if the jurors unanimously agree on specific acts, also allows a conviction if the jury unanimously agrees the defendant committed all the acts described by the victim." (*Jones*, *supra*, 51 Cal.3d at p. 322, italics added.) This modified instruction—not appropriate in this case—is set out as CALCRIM No. 3501. (See Judicial Council of California Criminal Jury Instructions (2012) vol. 2, CALCRIM No. 3500, Related Issues, pp. 1090–1091.)

CALCRIM No. 3502, on the other hand, is appropriate when there is a single charged offense and evidence of multiple acts that might support a conviction for that offense-and when the prosecutor has made an election to rely on the evidence of only one of the multiple acts as proof of the offense. (*People v. Melhado* (1998) 60 Cal.App.4th 1529, 1534–1536 (*Melhado*); *see* Judicial Council of California Criminal Jury Instructions (2012) vol. 2, CALCRIM No. 3502, Bench Notes, p. 1094.)

The situation that calls for CALCRIM No. 3502 was not, however, the situation presented by the circumstances of this case. While there was evidence of three separate incidents, each of which might have supported a guilty verdict on count 3, the prosecutor, as we have noted, made it clear to the jury in both her opening statement and closing argument, that each one of the three incidents related to a particular set of three counts, into which the nine offenses were grouped. During closing argument, the prosecutor made it clear that counts 1-3 applied to the one "occasion that [K.X.] described ... where the defendant actually penetrated her vagina." Hence, as to count 3, the prosecutor adequately communicated to the jury her election of the specific incident on which the jury had to agree unanimously in order to find Li guilty of count 3. FN6 The trial court is not required to give CALCRIM No. 3502 unless the prosecutor has made an election of one of several acts on which it will rely to support a charged offense, but has not adequately communicated that election to the jury. (*Melhado*, *supra*, 60 Cal.App.4th at pp. 1534–1536; *see* Judicial Council of California Criminal Jury Instructions (2012) vol. 2, CALCRIM No. 3502, Bench Notes, p. 1094.)

> FN6. The prosecutor even pointed out that the evidence of that particular incident included more than one act that might constitute the lewd and lascivious act charged in count 3-that is, the actual penetration, and the touching associated with Li's efforts to have K.X. touch his penis-and then reminded the jury it was required to agree on which of these acts it relied upon in order to find Li guilty of count 3.

United States District Court
Northern District of California

Li argues the court erred in declining to give CALCRIM No. 3502, because the prosecutor's election during closing argument was not adequate in describing the incident applicable to count 3 as the "occasion" when K.X. testified that "actual[ ] penetration" occurred. K.X.'s trial testimony in June 2011 described this as occurring only during the first occasion Li took her to his home.   The jury, however, also received testimony from K.X. in the form of her responses to a taped interview conducted three years earlier at San Francisco General Hospital by a forensic nurse trained in child abuse.   FN7   In this interview, K.X. described penetration as occurring during the third and final time Li took her to his home.  Li argues the prosecutor's election was "unclear" due to this inconsistency, particularly because the prosecutor was, therefore, unable to "pinpoint" the applicable incident by sequence, as distinguished from a description of the details of that incident.

> FN7.  The jury both viewed a video tape of this interview and received a transcript of it.

We disagree.  During K.X.'s direct examination during trial, which resumed after the jury-and K.X.-had viewed a tape of the interview that occurred in July 2008, the prosecutor addressed these inconsistencies, and in particular elicited K.X.'s agreement that her memory of the events when she was interviewed in July 2008 was "better" than it was three years later at the time of her trial examination.  This testimony suggested to the jury that, in weighing K.X.'s inconsistent testimony, they might reasonably give greater weight to the responses she gave in July 2008 than her later testimony at trial.

Also, during closing argument the prosecutor conceded there were "definitely ... some inconsistencies," but reasoned some inconsistency was to be expected between the version of events by a young girl given when nine years old and the version she gave three years later.  At this point, the prosecutor replayed the portion of the 2008 tape in which K.X. described the incidents, and argued that, in her trial testimony, K.X. "may not have [had] the timing down exactly," but in both instances her description of the incidents was consistent in major respects: there were three incidents that occurred during the period alleged, during one incident there was penetration, and during the other two there was not.  Thus, the prosecutor made considerable efforts both to explain the inconsistencies and, in doing so, gave reasonable emphasis that her election of the specific incident applicable to each set of charges was by way of description rather than by the "timing," about which K.X. had not been consistent.

Further, a victim's testimony in child abuse cases is not rendered insufficient by the victim's inability to specify the precise date or time.  (*Jones*, *supra*, 51 Cal.3d at p. 315.)   Such testimony is sufficient if the victim has described the kind of acts committed with sufficient specificity, the number of these acts, and the general period of time in which the acts occurred.  (*Id.* at p. 316.)  For this reason, we deem the prosecution's election of the incident applicable to count 3 to have been adequate, even though she

identified the incident by describing its details rather than its timing in the sequence of all three incidents.

We conclude there was no error in the trial court's failure to give CALCRIM No. 3502 instead of the "standard unanimity instruction" it did give, which is the appropriate instruction whenever "the jurors might disagree as to the particular act defendant committed." (*Jones*, *supra*, 51 Cal.3d at p. 321.)

Finally, we do not see, from the record before us, any reasonable possibility that the jury did not unanimously agree on the specific act Li committed before finding him guilty of count 3. The jury sent the above-mentioned note less than two hours after beginning their deliberations. As we have noted, the trial court referred them to the "standard unanimity instruction" it had given, requiring them "all [to] agree on which act he committed for each offense [.]" (See CALCRIM No. 3500.) Although their deliberations continued over the course of three more days, the jury did not send another note on this issue. Importantly, the jury was unable to reach a verdict on the other eight counts, in obvious compliance with the instruction requiring them to agree unanimously that he committed those offenses based on acts as to which they also agreed. The only reasonable inference to be drawn-notwithstanding Li's contrary assertion-is the jury, after careful deliberations, did unanimously agree on which specific act Li committed before finding him guilty of the single offense stated in count 3. The jury considered nine distinct acts on three different occasions. The unanimity instruction properly directed the jury to distinguish between the described acts involved in that incident.

Even if we were to assume it was error not to give CALCRIM No. 3502, we conclude after review of the evidence such error was harmless beyond a reasonable doubt. (*Chapman v. California* (1967) 386 U.S. 16, 24; *see Melhado*, *supra*, 60 Cal.App.4th at p. 1536.)

*People v. Li*, No A133402, 2012 WL 5505082, at *1-5 (Cal. Ct. App. Nov. 14, 2012) (footnotes omitted).

Petitioner argues that the jury should have been given unanimity instructions based on CALCRIM No. 3502 instead of the modified CALCRIM No. 3500 instructions they were actually given because the prosecutor made an election of offenses during closing argument. But because there is no federal constitutional right to a unanimous jury verdict, the trial court's refusal to give the jury petitioner's requested pinpoint unanimity instructions was not contrary to clearly established Supreme Court precedent, and petitioner is therefore not entitled to habeas relief. *See Barreto v. Martel*, No. C 08-2008, 2010 WL 546586, at *13 (N.D. Cal. Feb. 10, 2010) ("Since a criminal defendant in a state prosecution is not entitled to a unanimous verdict at all under the

9

1   federal Constitution, the state court's determination that an instruction on jury unanimity was

2   unnecessary under state law in the circumstances of the case cannot possibly be considered a

3   violation of federal due process.").

4          Even assuming that the trial court erred in refusing petitioner's request for pinpoint

5   unanimity instructions, petitioner fails to demonstrate that such error had a substantial and

6   injurious influence on the jury's verdict.  According to petitioner, the prosecutor's election of

7   offenses was not properly stated to the jury because the prosecutor identified the incident

8   corresponding to counts one through three as the incident where petitioner penetrated the victim's

9   vagina, yet this description could have referred to either the first or third incident due to the

10  victim's conflicting testimony.  Petitioner thus concludes that there was no guarantee that the jury

11  agreed on which of these "scenarios" formed the basis of his conviction.

12         However, the record shows that the court instructed the jury that they could not convict

13  petitioner on count three unless they all agreed on the same act and during closing argument, the

14  prosecutor told the jury that two different acts could satisfy the elements of count three:

15  petitioner's penetration of the victim's vagina or his grabbing her wrist when he made her touch

16  his penis.  RT at 294-95.  Both of these acts were unique in the sense that the victim testified to

17  only one instance of penetration and only one instance where petitioner successfully made her

18  touch his penis.  Moreover, the prosecutor told the jury, "[Y]ou all have to agree on which act you

19  believe qualifies as a lewd and lascivious act."  RT at 295.  And after receiving the jury note,

20  which specifically asked about counts one through three, the court referred the jury to the

21  unanimity instructions they had been provided.  Those instructions required that the jury could not

22  convict petitioner unless they "all agree[d] on which act he committed for each offense."  RT at

23  286.  It is presumed that juries follow their instructions.  *Penry v. Johnson*, 532 U.S. 782, 799

24  (2001).

25         The additional considerations identified by the California Court of Appeal bolster this

26  conclusion.  The jury sent the note less than two hours after beginning deliberations, (Clerk's

27  Transcript at 155), and they did not send another note on the issue again at any time over the

28  course of their three-day deliberations.  The jury's failure to reach a unanimous verdict on any of

United States District Court
Northern District of California

10

the other eight counts against petitioner strongly suggests not only that the jury understood the unanimity requirement, but also that they were able to distinguish between the various acts evidenced at trial.

The jury instructions and the nature of the jury's deliberations and verdict all suggest that that the jury agreed on the same underlying act when they convicted petitioner on count three. Accordingly, petitioner was not deprived of a unanimous verdict, and the court's refusal to give the jury pinpoint unanimity instructions did not have a substantial and injurious effect upon the jury's verdict.

## V.     CONCLUSION

The petition for writ of habeas corpus is **DENIED** on the merits.  A certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c).  This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated: October 22, 2015

_____
JAMES DONATO
United States District Judge

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY LI,

              Plaintiff,

      v.

JEFFREY BEARD,

              Defendant.

Case No.  13-cv-01224-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 22, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Li ID: #71626088
Adelanto Detention Facility
10250 Rancho Road
Adelanto, CA 92301

Dated: October 22, 2015

Susan Y. Soong
Clerk, United States District Court

By:
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

United States District Court
Northern District of California

12